FILED
2020 Feb-19  AM 09:59
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| JACQUINETTE NAILS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. |
| vs. | ) | |
| | ) | |
| RAM TOOL & SUPPLY CO., INC., | ) | |
| | | |
| Defendant. | | |

---

## **COMPLAINT**

## I. **JURISDICTION**

1.  This is a suit for relief from unlawful discrimination and termination of employment instituted pursuant to the Americans with Disabilities Act ("ADA"), as amended, 42 U.S.C. §12101 *et seq.,* Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §2000e *et seq.,* and 42 U.S.C. §1981 ("§1981").   The jurisdiction of this Court is based on 28 U.S.C. §§1331 and 1343(4).

2.   Plaintiff Jacquinette Nails ("Plaintiff") timely filed her charges of discrimination against defendant Ram Tool & Supply Co., Inc. ("Defendant") with the Equal Employment Opportunity Commission within 180 days after the last acts of discriminatory treatment.  Plaintiff has further filed this suit within 90 days after receipt of her right-to-sue letters issued from the EEOC.

## II.  PARTIES

3.  Plaintiff is a citizen of the United States over the age of nineteen and a resident of Jefferson County, Alabama.

4.  Defendant is a corporation located in Birmingham, Alabama.  It is and was at all times relevant to this complaint an "employer" under Title VII and the ADA.

## III.  STATEMENT OF FACTS

5.  Plaintiff is African-American.

6.  In or about July of 2018, Plaintiff became employed by Defendant.

7.  Plaintiff's last position was Accounts Receivable ("AR") Representative.

8.   Angie Loftis was the Accounts Receivable Manager and Plaintiff's supervisor.

9.  Loftis is Caucasian.

10.  On or about December 19, 2018, Loftis announced that Meghan Mullins and Tracy Cicero had been promoted from AR Representatives to AR Team Leads.

11.  Mullins and Cicero are both Caucasian.

12.  No announcement was made about the opening of the Team Lead positions.

13.  Consequently, Plaintiff was not given any opportunity to apply for them or otherwise express interest in them.

14.  Plaintiff was qualified for the AR Lead position.

2

15.  Plaintiff was equally as qualified as Mullins for the position, if not more so.

16.  In early January of 2019, Plaintiff visited a primary care physician due to worsening joint pain and swelling, a problem she had had over the years.

17.  The physician ran a test that was positive for antinuclear antibodies.

18.  Antinuclear antibodies mistake normal cells in the body as foreign invaders and attack their nuclei, damaging the cells.

19.  Antinuclear antibodies can lead to development of autoimmune diseases.

20.  Plaintiff's primary care physician advised Plaintiff that he felt that she had rheumatoid arthritis but was referring her to a rheumatologist for further testing and treatment.

21.  Plaintiff thereafter reported to Loftis the results of her visit to the physician and referral to a rheumatologist.

22.  Plaintiff further told Loftis that her condition caused her to be sensitive to cold.

23.    Plaintiff requested accommodations from Loftis and Tara Ford, Defendant's Logistics Coordinator, in the form of (1) a disabled parking space and (2) a warmer work environment.

24.   Plaintiff was allowed to move her work space to help with the cold environment.

25.   This did not alleviate the problem and Plaintiff notified Defendant of this.

26.   Plaintiff was advised that a doctor's note would be required for the disabled parking space.

27.   However, Plaintiff did not have an appointment to see her rheumatologist for some three months.

28.   On or about April 11, 2019, Plaintiff saw the rheumatologist and further testing was done.

29.   Plaintiff was diagnosed with Systemic Lupus Erythematosus.

30.   On or about April 17, 2019, Plaintiff emailed Loftis stating that she had missed work for doctors' visits due a serious health issue, that she had more doctors' visits coming up, and asked if Defendant's policies regarding making up missed work-time and vacation and personal days could be altered to cover her partial day absences until she was eligible to qualify for leave time under the Family and Medical Leave Act.

31.   Loftis responded that vacation and personal days were not allowed at less than full-day increments and that missed work time was limited to twice a month and had to be made up within the same work day.

32.   On or about April 18, 2019, Plaintiff met with Kimberly Walker, Defendant's Corporate Benefits Manager.

33.   Plaintiff informed Walker of her Lupus diagnosis and asked for accommodations for it.

34.   Plaintiff reiterated to Walker her previous requests for a disabled parking spot and a warmer working environment, including the option of working from home.

35.   Plaintiff further requested the accommodation that she be allowed to take vacation and person time in hourly increments rather than full days, as well as make up missed time in a more relaxed manner.

36.   Walker told Plaintiff that she would discuss the matter with Loftis and get back to her.

37.   On or about May 1, 2019, Walker advised Plaintiff that her accommodation requests could not be provided.

38.   On or about May 2, 2019, Plaintiff was terminated by Loftis and Mark Woolnough, Defendant's Credit and Collections Director and Loftis's supervisor.

39.   Loftis stated that she reason was that Plaintiff had (1) neglected to handle a customer client account for more than thirty days, and (2) wrongfully blocked and threatened "legal" over another customer account.

40.   The stated reasons were false and pretextual.

41.    Further, similarly-situated Caucasian and non-disabled employees, including Mullins, had done the same things that allegedly caused Plaintiff's discharge but were not discharged.

42.   Defendant had at the time a progressive disciplinary policy.

43.   Plaintiff had received no prior disciplinary actions.

## IV.  CAUSES OF ACTION

## COUNT I

## TITLE VII - PROMOTION

44.   Paragraphs 1-43 above are incorporated by reference.

45.    Defendant violated Plaintiff's rights under Title VII by denying her a promotion to AR Team Lead because of her race.

46.   Defendant, through its employees acting in a managerial capacity, either acted with malice or with reckless indifference to Plaintiff's federally protected rights.

47.   As a result of the above described discriminatory acts, Plaintiff has been made to suffer lost wages and benefits, as well as emotional distress and mental anguish.

**WHEREFORE, these premises considered**, Plaintiff respectfully requests the following:

(i)  That the Court issue an Order declaring that Defendant's acts as described herein violated Title VII;

(ii)  That the Court enter an Order requiring Defendant to make Plaintiff whole by placing her in the position she would have occupied in the absence of discrimination (or front-pay), providing back-pay with interest, and ordering Defendant to pay compensatory and punitive damages as a jury may assess;

(iii)  That the Court grant Plaintiff a permanent injunction enjoining Defendant, and its agents, employees, successors, and those acting in concert with Defendant, from further violation of Plaintiff's rights under Title VII;

(iv) That the Court award Plaintiff prejudgment and post-judgment interest at the highest rates allowed by law and an amount to compensate her for any adverse tax consequences as a result of a judgment in her favor;

(v)  That the Court award such other legal and equitable relief as justice requires, including, but not limited to, an award of costs, attorney's fees, expert witness fees, and expenses.

## COUNT II

## 42 U.S.C. §1981 - PROMOTION

48.  Paragraphs 1-43 above are incorporated by reference.

49.   Defendant violated Plaintiff's rights under §1981 by denying her a promotion to AR Team Lead because of her race.

50.   Defendant, through its employees acting in a managerial capacity, either acted with malice or with reckless indifference to Plaintiff's federally protected rights.

51.   As a result of the above described discriminatory acts, Plaintiff has been made to suffer lost wages and benefits, as well as emotional distress and mental anguish.

**WHEREFORE, these premises considered**, Plaintiff requests the following:

(i)  That the Court issue an Order declaring that Defendant's acts as described herein violated §1981;

(ii)  That the Court enter an Order requiring Defendant to make Plaintiff whole by placing her in the position she would have occupied in the absence of discrimination (or front-pay), providing back-pay with interest, and ordering Defendant to pay compensatory and punitive damages as a jury may assess;

(iii)  That the Court grant Plaintiff a permanent injunction enjoining Defendant, and its agents, employees, successors, and those acting in concert with Defendant, from further violation of Plaintiff's rights under §1981;

(iv) That the Court award Plaintiff prejudgment and post-judgment interest at the highest rates allowed by law and an amount to compensate her for any adverse tax consequences as a result of a judgment in her favor;

(v)  That the Court award such other legal and equitable relief as justice requires, including, but not limited to, an award of costs, attorney's fees, expert witness fees, and expenses.

## COUNT III

## ADA- REASONABLE ACCOMMODATIONS

52.  Paragraphs 1-43 are incorporated herein.

53. Plaintiff's lupus constitutes physical impairments under the ADA and did so during the events of this case.

54. Due to these impairments, Plaintiff was and is substantially limited with respect to the major life activity of the major bodily function of her immune system and the adverse results to her body caused by these impairments to her immune system.

55. Plaintiff is disabled under the ADA and was during the events of this case.

56.  Plaintiff was and is a qualified individual able to perform the essential functions of her position.

57.   Defendant violated Plaintiff's rights under the ADA by denying her reasonable accommodations for her disability.

58.   Defendant, through its employees acting in a managerial capacity, either acted with malice or with reckless indifference to Plaintiff's federally protected rights.

59.   As a result of the above described discriminatory acts, Plaintiff has been made to suffer emotional distress and mental anguish.

**WHEREFORE, these premises considered**, Plaintiff respectfully requests the following:

(i)  That the Court issue an Order declaring that Defendant's actions described herein violated the ADA;

(ii)  That the Court grant Plaintiff a permanent injunction enjoining Defendant, and its agents, employees, successors, and those acting in concert with Defendant, from continuing to violate the ADA;

(iii)  That the Court enter an Order requiring Defendant to make Plaintiff whole by reinstating Plaintiff and placing her in the position she would have occupied in the absence of discrimination (or front-pay), providing back-pay and lost benefits with interest, ordering Defendant to pay compensatory and punitive damages as a jury may assess, and awarding Plaintiff an amount to compensate her for any adverse tax consequences as a result of a judgment in her favor; and

(iv)   That the Court award such other legal and equitable relief as justice requires, including, but not limited to, an award of costs, expert witness fees, attorney's fees, and expenses.

## COUNT IV

## ADA- TERMINATION

60.   Paragraphs 1-43 and 53-56 are incorporated herein.

61.   Defendant violated Plaintiff's rights under the ADA by terminating her employment because of (a) her disability and/or (b) her requests for a reasonable accommodation for her disability.

62.   Defendant, through its employees acting in a managerial capacity, either acted with malice or with reckless indifference to Plaintiff's federally protected rights.

63.   As a result of the above described discriminatory acts, Plaintiff has been made to suffer lost wages and benefits, emotional distress, and mental anguish.

**WHEREFORE, these premises considered**, Plaintiff respectfully requests the following:

(i)   That the Court issue an Order declaring that Defendant's actions described herein violated the ADA;

11

(ii)  That the Court grant Plaintiff a permanent injunction enjoining Defendant, and its agents, employees, successors, and those acting in concert with Defendant, from continuing to violate the ADA;

(iii)  That the Court enter an Order requiring Defendant to make Plaintiff whole by reinstating Plaintiff and placing her in the position she would have occupied in the absence of discrimination (or front-pay), providing back-pay and lost benefits with interest, ordering Defendant to pay compensatory and punitive damages as a jury may assess, and awarding Plaintiff an amount to compensate her for any adverse tax consequences as a result of a judgment in her favor; and

(iv)   That the Court award such other legal and equitable relief as justice requires, including, but not limited to, an award of costs, expert witness fees, attorneys fees, and expenses.

## COUNT V

## TITLE VII - TERMINATION

64.  Paragraphs 1-43 above are incorporated by reference.

65.   Defendant violated Plaintiff's rights under Title VII by terminating her employment because of her race.

66.  Defendant, through its employees acting in a managerial capacity, either acted with malice or with reckless indifference to Plaintiffs federally protected rights.

12

67.  As a result of the above described discriminatory acts, Plaintiff has been made to suffer lost wages and benefits, as well as emotional distress and mental anguish.

**WHEREFORE, these premises considered**, Plaintiff respectfully requests the following:

(i)  That the Court issue an Order declaring that Defendant's acts as described herein violated Title VII;

(ii)  That the Court enter an Order requiring Defendant to make Plaintiff whole by reinstating her and placing her in the position she would have occupied in the absence of discrimination (or front-pay), providing back-pay with interest, and ordering Defendant to pay compensatory and punitive damages as a jury may assess;

(iii)  That the Court grant Plaintiff a permanent injunction enjoining Defendant, and its agents, employees, successors, and those acting in concert with Defendant, from further violation of Plaintiff's rights under Title VII;

(iv) That the Court award Plaintiff prejudgment and post-judgment interest at the highest rates allowed by law and an amount to compensate her for any adverse tax consequences as a result of a judgment in her favor;

(v)   That the Court award such other legal and equitable relief as justice requires, including, but not limited to, an award of costs, attorney's fees, expert witness fees, and expenses.

## COUNT VI

### 42 U.S.C. §1981 - TERMINATION

68.   Paragraphs 1-43 above are incorporated by reference.

69.   Defendant violated Plaintiff's rights under §1981 by terminating her employment because of her race.

70.   Defendant, through its employees acting in a managerial capacity, either acted with malice or with reckless indifference to Plaintiff's federally protected rights.

71.   As a result of the above described discriminatory acts, Plaintiff has been made to suffer lost wages and benefits, as well as emotional distress and mental anguish.

**WHEREFORE, these premises considered**, Plaintiff requests the following:

(i)   That the Court issue an Order declaring that Defendant's acts as described herein violated §1981;

(ii)   That the Court enter an Order requiring Defendant to make Plaintiff whole by reinstating her and placing her in the position she would have occupied in the

absence of discrimination (or front-pay), providing back-pay with interest, and ordering Defendant to pay compensatory and punitive damages as a jury may assess;

(iii)  That the Court grant Plaintiff a permanent injunction enjoining Defendant, and its agents, employees, successors, and those acting in concert with Defendant, from further violation of Plaintiff's rights under §1981;

(iv) That the Court award Plaintiff prejudgment and post-judgment interest at the highest rates allowed by law and an amount to compensate her for any adverse tax consequences as a result of a judgment in her favor;

(v)  That the Court award such other legal and equitable relief as justice requires, including, but not limited to, an award of costs, attorney's fees, expert witness fees, and expenses.

> Respectfully submitted,
> s/ Adam M. Porter
> Adam M. Porter
> Attorney for Plaintiff
> Adam M. Porter, LLC
> 2301 Morris Avenue, Suite 102
> Birmingham, Alabama 35203
> Phone: (205) 322-8999
> Facsimile: (205) 402-4619
> Email: adam@adamporterlaw.com

Plaintiff requests trial by struck jury.

> s/ Adam M. Porter
> Attorney for Plaintiff

15